# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
### BRUNSWICK DIVISION

| | |
|---|---|
| TERRY N. TAYLOR, | |
| Plaintiff, | CIVIL ACTION NO.: 2:15-cv-106 |
| v. | |
| MELISA COMBS FORSYTH; P.G. RIENHARD; RICHARD A. POSNER; FRANK H. EASTERBROOK; ROSEMARY COLLINS; TERRANCE LICHTENWARD; GINO J. AGNELLO; and DIANE P. WOODS, | |
| Defendants. | |

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, who was housed at Stephens County Jail in Freeport, Illinois, submitted a Complaint in the above captioned action pursuant to 42 U.S.C. § 1983 alleging that Defendants violated his constitutional rights. (Doc. 1.) The Court has conducted the requisite frivolity review of that Complaint. For the reasons set forth below, I find that Plaintiff has failed to state a plausible claim for relief, and I **RECOMMEND** that the Court **DISMISS** all of Plaintiff's claims against all Defendants.[1]  I further **RECOMMEND** that all pending Motions be **DISMISSED as moot** and that Plaintiff be **DENIED** *in forma pauperis* status on appeal.

---

[1] A "district court can only dismiss an action on its own motion as long as the procedure employed is fair. . . . To employ fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotations marks omitted). A Magistrate Judge's Report and Recommendation ("R&R") provides such notice and opportunity to respond. See Shivers v. Int'l Bhd. Of Elec. Workers Local Union, 349, 262 Fed. Appx. 121, 125, 127 (11th Cir. Jan. 8, 2008) (indicating that a party has notice of a district court's intent to sua sponte grant summary judgment where a magistrate judge issues a

## BACKGROUND[2]

Plaintiff originally filed this action seeking leave to proceed *in forma pauperis*. (Doc. 2.) However, he subsequently paid the full fee for filing this case. Plaintiff's allegations are difficult to decipher. However, the gist of his Complaint is that, through actions dating back to 1994, Defendants violated his rights through actions pertaining to his court proceedings in Rockford, Illinois, in Illinois state courts, the Northern District of Illinois, and the Seventh Circuit Court of Appeals. (Doc. 1, pp. 5–12.)[3] He also alleges that Defendant Melissa Combs Forsyth "persuaded" him into an unlawful marriage.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from a governmental entity. Upon such screening, the Court must dismiss a complaint, or any portion thereof, that is frivolous or malicious, or fails to state a claim upon which relief may be granted or which seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

---

report recommending the sua sponte granting of summary judgment); Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting that R&R served as notice that claims would be sua sponte dismissed). This Report and Recommendation constitutes fair notice to Plaintiff that his suit is due to be dismissed. As indicated below, Plaintiff will have the opportunity to present his objections to this finding, and the District Court will review de novo properly submitted objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; see also Glover v. Williams, No. 1:12-CV-3562-TWT-JFK, 2012 WL 5930633, at *1 (N.D. Ga. Oct. 18, 2012) (explaining that magistrate judge's report and recommendation constituted adequate notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond).

[2] The below recited facts are taken from Plaintiff's Complaint and are accepted as true, as they must be at this stage.

[3] This is not the first time that Plaintiff has brought a federal lawsuit making these allegations. See Order, Taylor v. Tulsa Welding School, Case No. 14-cv-321 (N.D. Okla. June 24, 2014) ECF No. 6.

The Court is guided by the instructions for pleading contained in the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances). Further, a claim is frivolous under Section 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'" Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010). Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555. Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("Pro se pleadings are held to a less stringent

standard than pleadings drafted by attorneys.") (emphasis omitted) (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

## DISCUSSION

### I. Dismissal for Improper Venue

The applicable venue statute provides as follows:

> A civil action may be brought in -- (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. §1391(b).

Plaintiff does not make any allegations against any Defendant residing in the Southern District of Georgia. Additionally, he does not allege that any of the events giving rise to his cause of action occurred in the Southern District of Georgia. It appears that Plaintiff filed his Complaint in this District solely because he was incarcerated at FCI Jesup at the time he filed this lawsuit. Consequently, venue is clearly improper in this District.

The Court has the ability under federal law to dismiss a case brought in an improper venue. See 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."). The Court also has the ability to transfer a case brought in an improper venue. See 28 U.S.C. § 1404(a) ("For the

4

convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."). The decision whether to transfer or dismiss a case pursuant to § 1406(a) "lies within the sound discretion of the district court." Minnette v. Time Warner, 997 F.2d 1023, 1026 (2d Cir.1993). The leading case on § 1406(a) transfers is Goldlawr, Inc. v. Heiman, 369 U.S. 463 (1962). In Goldlawr, the Supreme Court explained that Congress enacted § 1406(a) to "avoid[ ] the injustice which had often resulted to plaintiffs from dismissal of their actions merely because they had made an erroneous guess with regard to the existence of some elusive fact of the kind upon which venue provisions often turn." Id. at 466. "While as a general matter, a transfer of the case is favored over a dismissal, dismissal is appropriate where the plaintiff's claims have obvious substantive problems." Ananiev v. Wells Fargo Bank, N.A., 968 F. Supp. 2d 123, 132 (D.D.C. 2013) (internal citations and quotations omitted); see also, Phillips v. Seiter, 173 F.3d 609, 611 (7th Cir. 1999) ("[I]f the limited review reveals that the case is a sure loser in the court that has jurisdiction (in the conventional sense) over it, then the court in which it is initially filed—the court that does not have jurisdiction—should dismiss the case rather than waste the time of another court.").

In this case, Plaintiff's claims are specious as best. Plaintiff's claims are undoubtedly barred by the statute of limitations. Additionally, Plaintiff's claims against the judicial Defendants are likely barred by, among other things, the doctrines of judicial immunity and res judicata. Section 1983 does not provide litigants with an avenue to simply seek this Court's review of other Court's decisions. Furthermore, even when construing Plaintiff's allegations in his favor, he fails to state a plausible claim that Defendants violated his constitutional rights. Thus, the Court should dismiss rather than transfer Plaintiff's Complaint. Indeed, when faced

5

with many of the same allegations Plaintiff asserts in this case, the Northern District of Oklahoma dismissed Plaintiff's cause of action for improper venue. Order, Taylor v. Tulsa Welding School, Case No. 14-cv-321 (N.D. Okla. June 24, 2014) ECF No. 6. The Tenth Circuit Court of Appeals affirmed that dismissal. Taylor v. Tulsa Welding Sch., 604 F. App'x 673, 677 (10th Cir. 2015).

## II. Leave to Appeal *In Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.[4] Though Plaintiff has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not take in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Or, stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

---

[4] A certificate of appealablity is not required in this Section 1983 action.

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should deny him *in forma pauperis* status on appeal.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** that the Court **DISMISS** all of Plaintiff's claims against all Defendants. I further **RECOMMEND** that all pending Motions be **DISMISSED as moot** and that Plaintiff be **DENIED** *in forma pauperis* status on appeal.

Any party seeking to object to this Report and Recommendation is **ORDERED** to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final

judgment entered by or at the direction of a District Judge. The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon the Plaintiff.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 5th day of January, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA