# In the United States District Court
# For the Southern District Of Georgia
# Brunswick Division

| | | |
|---|---|---|
| TERRY N. TAYLOR, | * | |
| | * | |
| Plaintiff, | * | CIVIL ACTION NO.: 2:15-cv-106 |
| | * | |
| v. | * | |
| | * | |
| MELISA COMBS FORSYTH; P.G. | * | |
| REINHARD; RICHARD A. POSNER; | * | |
| FRANK H. EASTERBROOK; ROSEMARY | * | |
| COLLINS; TERRANCE LICHTENWARD; | * | |
| GINO J. AGNELLO; and DIANE P. | * | |
| WOODS, | * | |
| | * | |
| Defendants. | * | |

## ORDER

Presently before the Court are Plaintiff's Objections to the Magistrate Judge's Report and Recommendation dated January 5, 2016. Dkt. No. 15. After an independent and *de novo* review of the entire record, the Court **SUSTAINS** Plaintiff's Objections as to Defendant Forsyth only, but otherwise **OVERRULES** Plaintiff's Objections. The Magistrate Judge's Report and Recommendation, as amended herein, is **ADOPTED** as the opinion of the Court, except as to Defendant Forsyth. Nevertheless, the Court agrees with the Magistrate Judge's Recommendation that Plaintiff's Complaint is due to be dismissed. Thus, Plaintiff's Complaint is **DISMISSED**, and all pending Motions in this case are

AO 72A
(Rev. 8/82)

**DISMISSED** as moot. The Clerk of Court is **DIRECTED** to enter the appropriate judgment of dismissal and to **CLOSE** this case. Plaintiff is **DENIED** in forma pauperis status on appeal.

I. **Background**

As the Magistrate Judge observed, Plaintiff's lengthy and far-reaching allegations are difficult to decipher. Plaintiff sets forth facts relating to actions occurring in the State of Illinois as early as 1991. The actions appear to concern criminal prosecutions of Plaintiff occurring within the State of Illinois, the Northern District of Illinois, and the Seventh Circuit Court of Appeals. Dkt. No. 1, pp. 5-12. The Magistrate Judge also observed this Complaint is not the first time Plaintiff has asserted these same claims in a federal court. Dkt. No. 15, p. 2 n.3. Plaintiff also alleges Defendant Forsyth assumed another person's identity and persuaded him to enter into an unlawful marriage.

The Magistrate Judge conducted the requisite frivolity review of Plaintiff's Complaint and determined the Southern District of Georgia is not the proper venue for Plaintiff to bring these claims, as Plaintiff failed to make any allegations against a Defendant residing in the Southern District of Georgia. Id. at pp. 4-6. Thus, the Magistrate Judge recommended Plaintiff's Complaint be dismissed. Plaintiff filed Objections to the Magistrate Judge's Report and Recommendation.

Dkt. No. 22. In his Objections, Plaintiff states Defendant Forsyth is a resident of the Southern District of Georgia and works at the Federal Correctional Institution in Jesup, Georgia. Id. at p. 8.

II. **Discussion**

The only Objection Plaintiff sets forth which the Court will address is his Objection to the Magistrate Judge's determination that venue is improper as to Defendant Forsyth. Accepting as true that Defendant Forsyth is a resident of this District and that Plaintiff's contention that Defendant Forsyth tricked him into a false marriage constitutes a "substantial part of the events" giving rise to his Complaint[1], Plaintiff fails to state a plausible claim against Defendant Forsyth giving rise to federal jurisdiction.

---

[1] The applicable venue statute provides as follows:

> A civil action may be brought in -- (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Giving Plaintiff the benefit of the doubt, he arguably sets forth facts indicating some events occurred in this District for purposes of Section 1391(b)(2).

Federal courts are courts of limited jurisdiction. We possess only the power strictly authorized by the Constitution and statute. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). The Court cannot expand its jurisdiction merely through judicial decree. Id. "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." Id. (internal citations omitted).

A prisoner-plaintiff seeking to assert liability against federal actors for alleged violations of his constitutional rights is to bring his claims pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 402 U.S. 388 (1971).[2] In Bivens, the United States Supreme Court "recognized for the first time an implied private action for damages against federal officers" for violations of certain constitutional rights. Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 66 (2001). A Bivens action is the federal counterpart of an action under 42 U.S.C. § 1983. An action for money damages may be brought against federal agents acting under the color of their authority

---

[2] At the time the Magistrate Judge conducted the frivolity review of Plaintiff's Complaint, Plaintiff was housed at a state facility in Illinois. Plaintiff was housed in this Illinois facility only temporarily. Dkt. 23, p. 6. However, Plaintiff has since been transferred back to the Federal Correctional Institution in Jesup, Georgia. The named Defendants, by and large, appear to be federal employees, and Bivens is the proper vehicle to bring this cause of action. Any error by the Magistrate Judge in stating Plaintiff's claims were brought pursuant to 42 U.S.C. § 1983 is harmless, as the same laws are applicable to both causes of action.

for injuries caused by their unconstitutional conduct.  Proof of causation between the official's conduct and the alleged injury is necessary for there to be liability.  A plaintiff asserting a claim under Bivens must show the violation of a valid constitutional right by a person acting under color of federal law.

Even if Defendant Forsyth assumed another person's identity and persuaded Plaintiff to marry her under false pretenses, Plaintiff fails to show how such actions violated his constitutional rights to render his Bivens claims against Forsyth viable.  Plaintiff also fails to show that, even if Defendant Forsyth committed the acts Plaintiff alleges, she was acting under color of federal law.  If Plaintiff were truly induced into entering a marriage under false pretenses, his remedies lie with the courts of the State of Georgia.  In short, Plaintiff fails to set forth a viable Bivens claim against Defendant Forsyth or any other claim which would give rise to this Court's jurisdiction.

### III. Conclusion

Plaintiff's Objections are **SUSTAINED** as to Defendant Forsyth but are otherwise **OVERRULED**.  The Magistrate Judge's Report and Recommendation, as amended herein, is adopted as the opinion of the Court.  Plaintiff's Complaint is **DISMISSED**, and his pending Motions are **DISMISSED** as moot.  The Clerk of Court

is **DIRECTED** to enter the appropriate judgment of dismissal and to **CLOSE** this case. Plaintiff is **DENIED** *in forma pauperis* status on appeal.

**SO ORDERED**, this 14 day of March, 2016.

_____
LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA