# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

| | | |
|---|---|---|
| TERRY N. TAYLOR, | * | |
| | * | |
| Plaintiff, | * | CIVIL ACTION NO.: 2:15-cv-106 |
| | * | |
| v. | * | |
| | * | |
| MELISA COMBS FORSYTH; P.G. | * | |
| REINHARD; RICHARD A. POSNER; | * | |
| FRANK H. EASTERBROOK; ROSEMARY | * | |
| COLLINS; TERRANCE LICHTENWARD; | * | |
| GINO J. AGNELLO; and DIANE P. | * | |
| WOODS, | * | |
| | * | |
| Defendants. | * | |

## ORDER

Presently before the Court are several Motions for Reconsideration filed by Plaintiff, Dkt. Nos. 27, 28, 29, 31. In his first two Motions, dkt. nos. 27, 28, Plaintiff asks this Court to reconsider its March 14, 2016, Order, dkt. no. 25, wherein the Court dismissed Plaintiff's cause of action and denied Plaintiff *in forma pauperis* status on appeal. Plaintiff has also filed two Motions for Reconsideration, dkt. nos. 29, 31, of the Magistrate Judge's August 26, 2015, Order denying Plaintiff's Motion for Appointment of Counsel, dkt. no. 7. For the reasons set forth below, the Court **DENIES** Plaintiff's Motions. Dkt. Nos. 27, 28, 29, 31.

AO 72A
(Rev. 8/82)

## BACKGROUND

Plaintiff filed this cause of action on July 31, 2015. Dkt. No. 1. On this same date, Plaintiff filed a Motion to Appoint Counsel. Dkt. No. 3. The Magistrate Judge denied Plaintiff's Motion on August 26, 2015. Dkt. No. 7. Plaintiff filed his first Motion for Reconsideration of the Magistrate Judge's Order, and the Court denied Plaintiff's Motion by Order dated December 4, 2015. Dkt. No. 13.

Thereafter, the Magistrate Judge conducted a frivolity review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A. The Magistrate Judge concluded venue was not proper in this Court and recommended that Plaintiff's Complaint be dismissed. Dkt. No. 15. Plaintiff objected to the Magistrate Judge's Report and Recommendation. Dkt. No. 22. In its March 14, 2016, Order, the Court adopted the recommendation of the Magistrate Judge, over Plaintiff's Objections, and dismissed Plaintiff's Complaint. As is relevant here, the Court dismissed Plaintiff's claims against Defendant Forsyth after determining Plaintiff failed to state a viable cause of action against Defendant Forsyth under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 402 U.S. 388 (1971). Dkt. No. 25, pp. 4-5. The Court also denied Plaintiff *in forma pauperis* status on appeal for the reasons set forth in the Magistrate Judge's Report and Recommendation. Id. at p. 6.

In his Motions for Reconsideration of the Order denying his Motion for Appointment of Counsel, Plaintiff once again states that he is legally blind and cannot represent himself properly. Dkt. Nos. 29, 31. This is the same argument Plaintiff set forth in his first Motion for Reconsideration of that Order, which this Court has already rejected. Dkt. Nos. 8, 13.

In his Motion for Reconsideration of the Order dismissing his claims against Defendant Forsyth, Plaintiff asserts that he "states a constitutional right claim in violation of the cruel and unusual punishment clause of the [E]ighth [A]mendment." Dkt. No. 27, p. 1. Plaintiff also asserts his claims arise under the "Mental Cruelty Act" based on Forsyth's actions "after she persuaded" him into an "unlawful marriage[.]" Id. Plaintiff maintains Forsyth's "crime[s] of identity theft and fraud" caused the loss of his First Amendment right to redress the government because "unwarranted sanctions and fines" were placed on him. Id. at p. 2.

In his second Motion, by which he seeks reconsideration of the Court's Order denying him *in forma pauperis* status on appeal, Plaintiff contends he has not filed three frivolous civil rights complaints while he has been incarcerated. Plaintiff asserts he "has clearly presented facts" indicating Forsyth has committed two crimes while working for the Bureau of

Prisons, and his Complaint cannot be considered "frivolous or silly." Dkt. No. 28, p. 1 (emphasis in original).

## DISCUSSION

A motion for reconsideration, or a Federal Rule of Civil Procedure 59(e) motion, is "an extraordinary remedy, to be employed sparingly." Smith ex rel. Smith v. Augusta-Richmond Cty., No. CV 110-126, 2012 WL 1355575, at *1 (S.D. Ga. Apr. 18, 2012) (internal citation omitted). "A movant must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Id. (internal citation omitted). "The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact." Jacobs v. Tempur-Pedic Intern., Inc., 626 F.3d 1327, 1344 (11th Cir. 2010) (quoting In re Kellogg, 197 F.3d 1116, 1119 (11th Cir. 1999) (internal punctuation omitted)). "A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Id. (quoting Michael Linet, Inc. v. Village of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005) (alterations omitted)).

The Court can discern no reason to grant Plaintiff's Motions. He fails to present any newly-discovered evidence in support of his claims, nor does he allege this Court's previously-entered Orders represent a manifest error of law or

fact. Rather, Plaintiff raises arguments which this Court has previously rejected for reasons that the Court need not restate here at length. As this Court has already informed Plaintiff, to the extent he states any viable cause of action against Forsyth, his remedy lies with the State of Georgia courts, not this Court. Dkt. No. 25, pp. 4-5. In addition, this Court has also informed Plaintiff that the Magistrate Judge's Order denying Plaintiff's Motion to Appoint Counsel was not clearly erroneous nor contrary to law, and the Court has no reason to disturb the Magistrate Judge's Order. Dkt. No. 13.

## CONCLUSION

For the reasons stated above, and those laid out in its prior Orders, the Court hereby **DENIES** Plaintiff's Motions for Reconsideration. Dkt. Nos. 27, 28, 29, 31. The Court's Orders dated August 26, 2015, December 4, 2015, and March 14, 2016, dkt. nos. 7, 13, 25, shall remain the Orders of the Court, and this case shall remain closed.

SO ORDERED, this 10 day of May, 2016.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA